**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **EQUISTAR CHEMICALS, LP,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CAUSE NO.** |
| | § | |
| **RELIANT ENERGY POWER** | § | |
| **GENERATION, INC. AND** | § | |
| **RELIANT ENERGY INC.** | § | |
| | | |
| **Defendants.** | | |

## NOTICE OF REMOVAL

Defendants Reliant Energy Power Generation, Inc. ("REPG") and Reliant Energy, Inc. ("Reliant") (collectively "Defendants") file this Notice of Removal:

### STATE PROCEEDING

1.      On September 12, 2007, an action was commenced in the 165th District Court of Harris County, Texas, styled *Equistar Chemicals, LP v. Reliant Energy Power Generation, Inc. & Reliant Energy, Inc.*, and assigned Cause No. 2007-CV-55494 ("State Proceeding").

2.      Defendants received a copy of Plaintiff's Original Petition in the State Proceeding on September 12, 2007, and were served with summons on September 18, 2007.  Therefore, this Notice of Removal is timely filed as required by 28 U.S.C. § 1446(b).

### BANKRUPTCY JURISDICTION

3.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1334(a) and (b).

4.      Plaintiff's claims call for a determination of rights and obligations with regard to agreements to which Reliant Energy Channelview LP ("REC") is a party.  Specifically, plaintiff

seeks declaratory judgments that will affect directly REC's rights and obligations under agreements it has entered into with plaintiff.

5.    On August 20, 2007, REC filed for bankruptcy protection in the United States Bankruptcy Court for the District of Delaware under Chapter 11 of the United States Code.

6.    As a result, all property of REC became part of the bankruptcy estate and any claims or causes of action outside of Bankruptcy Court against REC are stayed.

7.    REC owns and operates a cogeneration facility in Channelview, Texas. and sells steam and power to plaintiff, which owns and operates a chemical plant adjacent to the cogeneration facility.

8.    REC and plaintiff are the only parties to most of the crucial agreements that govern the cogeneration facility, such as the Second Amended and Restated Cash Flow Participation Agreement ("Cash Flow Agreement") and the Second Amended and Restated Steam Supply Agreement ("Steam Supply Agreement").  The Cash Flow Agreement provides for "royalty" payments to plaintiff under certain circumstances, and the Steam Supply agreement requires REC to obtain plaintiff's consent to certain transactions.  Neither of the defendants to the State Proceeding are parties to either the Cash Flow or Steam Supply Agreements.

9.    Through the State Proceeding, plaintiff seeks a declaration to protect its "right and ability to obtain royalty payments to which [it] is entitled."  Original Petition ¶ 18.  Furthermore, plaintiff asks the Court to protect its consent rights with regard to any sale of REC's facilities.  Original Petition ¶ 17.  Each of these allegations will require adjudication of contractual duties arising from agreements to which plaintiff and REC are the sole parties:  (1) plaintiff's alleged right to royalties arises solely under the Cash Flow Agreement; and (2) the protection of plaintiff's alleged consent rights will affect contractual rights between Equistar and REC under, among other

agreements, the Steam Supply Agreement.

10.     Plaintiff cannot avoid the process mandated by federal law by pursuing an action against REPG and Reliant — as parent companies of a bankrupt entity — to adjudicate claims arising from and directly affecting agreements between plaintiff and REC.

11.     Accordingly, plaintiff's claims arise under, or arise in or are related to, Chapter 11 of the United States Code and are removable pursuant to 28 U.S.C. § 1452(a).  Any right to relief the plaintiff might have must be pursued as claims in the Bankruptcy Court under 28 U.S.C. § 501.

### NOTICE

12.     Pursuant to 28 U.S.C. § 1446, a "Notice of Removal to Federal Court" will be filed with the 165th District Court of Harris County, Texas, promptly after the filing of this Notice of Removal.  Notice is also being delivered to plaintiff through its counsel of record.

13.     As required by Local Rule 81, copies of all executed process in the case, pleadings asserting causes of action, orders signed by the state judge, the docket sheet, an index of matters being filed, and a list of counsel of record are attached hereto.

### CONSENT OF ALL DEFENDANTS TO REMOVAL

14.     Defendants Reliant Energy Power Generation, Inc. and Reliant Energy, Inc. both consent to this removal, as indicated by the signature below of counsel for both parties.  Defendants join together and, in conformance with the requirements set forth in 28 U.S.C. § 1446, remove this action from the 165th District Court to this Court.  Defendants request that this Court assume full jurisdiction of this cause as if it had been originally filed here, that further proceedings in the State Proceeding be stayed, and for such other relief to which they may be entitled.

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP


By:    /S/_____
       Michael M. Wilson
       State Bar No. 21704800
       J. Josh Clayton
       State Bar No. 24050426
       1111 Louisiana Street, 44th Floor
       Houston, Texas 77002
       Telephone:  (713) 220-5800
       Facsimile:  (713) 236-0822

       **ATTORNEYS FOR DEFENDANTS
       RELIANT ENERGY POWER
       GENERATION, INC. AND
       RELIANT ENERGY, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure on the following counsel of record on the 12th day of October 2007.

Thomas M. Farrell
NICKENS KEETON LAWLESS FARRELL & FLACK, LLP
600 Travis, Suite #7500
Houston, Texas 77002


/S/
Michael M. Wilson

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **EQUISTAR CHEMICALS, LP,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CAUSE NO.** |
| | § | |
| **RELIANT ENERGY POWER** | § | |
| **GENERATION, INC. AND** | § | |
| **RELIANT ENERGY INC.** | § | |
| | | |
| **Defendants.** | | |

### INDEX OF DOCUMENTS FOR NOTICE OF REMOVAL

EXHIBIT

    A.  Index of documents for Notice of Removal

    B.  All executed process in the case

    C.  Plaintiff's Original Petition;

    D.  Defendants' Answer, Plea in Abatement; and Notice of Removal from State Court;

    E.  List of Counsel of Record

RECEIPT NUMBER  338748      0.00
TRACKING NUMBER  72223103    ATY

CAUSE NUMBER ___200755494___

| PLAINTIFF: EQUISTAR CHEMICALS LP | In The 165th |
| vs. | Judicial District Court of |
| DEFENDANT: RELIANT ENERGY POWER GENERATION INC (CORPORATION) | Harris County, Texas |

CITATION CORPORATE

THE STATE OF TEXAS
County of Harris

TO: RELIANT ENERGY POWER GENERATION INC (CORPORATION) BY SERVING ITS
REGISTERED AGENT CORPORATION SERVICE COMPANY

701 BRAZOS ST SUITE 1050  AUSTIN TX 78701

Attached is a copy of ___PLAINTIFF'S ORIGINAL PETITION___

This instrument was filed on the ___12th___ day of ___September___, 20___, in the
above cited cause number and court. The instrument attached describes the claim against you.

 **YOU HAVE BEEN SUED**; you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

 This Citation was issued under my hand and seal of said Court, at Houston, Texas, this ___13th___ day of
___September___, 20___07___.

Issued at request of:
PARRELL, THOMAS M.
600 TRAVIS #7500
HOUSTON, TX 77002
Tel: (713) 571-9191
Bar Number: 6839250

**CHARLES BACARISSE**, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O. Box 4651, Houston, Texas 77210

Generated by: MITCHELL, TRACEY    FGT/U5V/7951787

OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the ___17th___ day of ___September___, 20___07___, at ___12:00___ o'clock ___P___.M., endorsed
the date of delivery thereon, and executed it at _____
                                                                    (street address)                              (city)
in _____ County, Texas on the _____ day of _____, 20___, at _____ o'clock ___.M.,
by delivering to _____, by delivering to its
                                   (the defendant corporation named in citation)
_____, in person, whose name is _____
(registered agent, president, or vice-president)
a true copy of this citation, with a copy of the _____ Petition attached,
                                                                    (description of petition, e.g., "Plaintiffs Original"
and with accompanying copies of _____
                                                         (additional documents, if any, delivered with the petition)
I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20___.

FEE: $ _____                        By: _____
                                                              (signature of officer)

                                               Printed Name: _____

                                               As Deputy for: _____
                                                                        (printed name & title of sheriff or constable)
_____
Affiant Other Than Officer

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20___.

                                                        _____
                                                                    Notary Public

N.INT.CITC.P

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Certified Document Number: 32341013 - Page 1 of 2

**CAUSE NO. 2007-55494**

| | | |
|---|---|---|
| EQUISTAR CHEMICALS LP | § | IN THE 165TH Judicial District Court |
| | § | |
| VS. | § | OF |
| | § | |
| | § | HARRIS COUNTY, TX |
| RELIANT ENERGY POWER GENERATION | § | |
| INC, ET AL | § | |

**AFFIDAVIT OF SERVICE**

**BEFORE ME,** the undersigned authority, on this day appeared, **BARBARA STINNETT,** personally before me and stated under oath as follows:

My name is **BARBARA STINNETT.** I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am an authorized private process server licensed by and through the Supreme Court of Texas, am in all ways competent to make this affidavit, and this affidavit is based on personal knowledge. The facts stated herein are true and correct.

**ON** Monday, September 17, 2007 AT _12:00_ PM - CITATION CORPORATE, PLAINTIFF'S ORIGINAL PETITION CAME TO HAND.

**ON** Tuesday, September 18, 2007 AT 10:15 AM - **THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO:** RELIANT ENERGY POWER GENERATION, INC. (CORPORATION), C/O CORPORATION SERVICE COMPANY, REGISTERED AGENT, 701 BRAZOS ST., STE. 1050, AUSTIN, TX, 78701 BY PERSONAL SERVICE.

**FURTHER AFFIANT SAYETH NOT.**

_Barbara A. Stinnett_
BARBARA STINNETT,
Affiant

SCH 1181

**Before me personally appeared the above-named affiant, who, being first duly sworn, stated upon oath that the above-stated facts are true and correct and within his or her personal knowledge, and subscribed the same on this _18_ day of _September_, 2007.**

_____
Notary Public for the State of Texas

DocID: 70173-2

Certified Document Number: 32341013 - Page 2 of 2



I, Theresa Chang, District Clerk of Harris
County, Texas, certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____October 12, 2007_____

Certified Document Number: _____ 32341013  (Total Pages 2)

*Theresa Chang*

THERESA CHANG, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

P2

RECEIPT NUMBER __338748__    0\00
TRACKING NUMBER __72223104__    ATY

2013.1

CAUSE NUMBER __200755494__

| PLAINTIFF: EQUISTAR CHEMICALS LP | In The 165th |
|---|---|
| vs. | Judicial District Court of |
| DEFENDANT: RELIANT ENERGY POWER GENERATION INC (CORPORATION) | Harris County, Texas |

CITATION CORPORATE

**THE STATE OF TEXAS**
County of Harris

TO: RELIANT ENERGY INC (CORPORATION) BY SERVING ITS REGISTERED AGENT
    CORPORATION SERVICE COMPANY

    701 BRAZOS ST SUITE 1050   AUSTIN TX 78701

    Attached is a copy of   PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the ___12th___ day of ___September___, 20__ under the
above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

    This Citation was issued under my hand and seal of said Court, at Houston, Texas, this ___13th___ day of
___September___, 20__07__.

Issued at request of:
    FARRELL, THOMAS M.
    600 TRAVIS  #7500
    HOUSTON, TX 77002
    Tel: (713) 571-9191
    Bar Number: 6839250

*Charles Bacarisse*

**CHARLES BACARISSE, District Clerk**
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O. Box 4651, Houston, Texas 77210

Generated by: MITCHELL, TRACEY   FGT/USV/7951787

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the _17th_ day of _September_, 20_07_, at _12:0_ o'clock _p_.M., endorsed
the date of delivery thereon, and executed it at _____
                                                (street address)                    (city)
in _____ County, Texas on the _____ day of _____, 20___, at _____ o'clock ___. M.,
by delivering to _____, by delivering to its
                        (the defendant corporation named in citation)
_____, in person, whose name is _____
(registered agent, president, or vice-president)
a true copy of this citation, with a copy of the _____ Petition attached,
                                                (description of petition, e.g., "Plaintiffs Original")
and with accompanying copies of _____
                                        (additional documents, if any, delivered with the petition)
I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20___.

FEE: $ _____                        By: _____
                                            (signature of officer)
                                      Printed Name: _____

                                      As Deputy for: _____
                                                    (printed name & title of sheriff or constable)
**Affiant Other Than Officer**

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20 _____

                                                    _____
                                                            Notary Public

N.INT.CITC.P

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Certified Document Number: 3234101 - Page 1 of 2

CAUSE NO. 2007-55494

| | | |
|---|---|---|
| EQUISTAR CHEMICALS LP | § | IN THE 165TH Judicial District Court |
| | § | |
| VS. | § | OF |
| | § | |
| | § | HARRIS COUNTY, TX |
| RELIANT ENERGY POWER GENERATION INC, ET AL | § | |
| | § | |

### AFFIDAVIT OF SERVICE

**BEFORE ME,** the undersigned authority, on this day appeared, **BARBARA STINNETT,** personally before me and stated under oath as follows:

My name is **BARBARA STINNETT.** I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am an authorized private process server licensed by and through the Supreme Court of Texas, am in all ways competent to make this affidavit, and this affidavit is based on personal knowledge. The facts stated herein are true and correct.

**ON** Monday, September 17, 2007 AT *12:40* M - CITATION CORPORATE, PLAINTIFF'S ORIGINAL PETITION CAME TO HAND.

**ON Tuesday, September 18, 2007 AT 10:15 AM - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: RELIANT ENERGY INC (CORPORATION), C/O CORPORATION SERVICE COMPANY, REGISTERED AGENT, 701 BRAZOS ST., SUITE 1050, AUSTIN, TX, 78701 BY PERSONAL SERVICE.**

**FURTHER AFFIANT SAYETH NOT.**

_____
BARBARA STINNETT,
SCH 1181                                    Affiant

**Before me personally appeared the above-named affiant, who, being first duly sworn, stated upon oath that the above-stated facts are true and correct and within his or her personal knowledge, and subscribed the same on this** *18* **day of** *September*, **2007.**

_____
Notary Public for the State of Texas

DocID: 70173-1



I, Theresa Chang, District Clerk of Harris
County, Texas, certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ October 12, 2007 _____

Certified Document Number: _____  32341011  (Total Pages 2)

THERESA CHANG, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

# CIVIL PROCESS REQUEST

**FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING.**
**FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED**

**CASE NUMBER:** 2 0 0 7 - 5 5 4 9 4    **CURRENT COURT:** 165

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Plaintiff's Original Petition

**FILE DATE OF MOTION:** September 12, 2006
Month/ Day/ Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To be Served):

1. **NAME:** Reliant Energy Power Generation, Inc.

   **ADDRESS:** Corporation Service Company, 701 Brazos St., Suite 1050, Austin, Texas 78701

   **AGENT,** (if applicable):

   **TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): Citation

   **SERVICE BY** (check one):
   __X__ **ATTORNEY PICK-UP**    _____ **CONSTABLE**

2. **NAME:** Reliant Energy, Inc.

   **ADDRESS:** Corporation Service Company, 701 Brazos St., Suite 1050, Austin, Texas 78701

   **AGENT,** (if applicable):

   **TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): Citation

   **SERVICE BY** (check one):
   __X__ **ATTORNEY PICK-UP**    _____ **CONSTABLE**

## ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

**NAME:** Thomas M. Farrell    **TEXAS BAR NO./ID NO.** 06839250

**MAILING ADDRESS:** Nickens Keeton Lawless Farrell & Flack LLP; 600 Travis St., Ste. 7500, Houston, TX 77002

**AREA CODE:** (713)    **TELEPHONE NO.** 353-6677

**E-MAIL ADDRESS:** tfarrell@nickenskeeton.com

**SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATE UPON APPROPRIATE ACTION BY THE PARTIES.**

Certified Document Number: 31973668 - Page 1 of 1

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging



I, Theresa Chang, District Clerk of Harris
County, Texas, certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____October 12, 2007_____

Certified Document Number: _____31973668  (Total Pages 1)_____

THERESA CHANG, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Cause No. **2007-55494**

| | |
|---|---|
| Equistar Chemicals, LP, | IN THE DISTRICT COURT OF |
| Plaintiff | HARRIS COUNTY, TEXAS |
| v. | |
| Reliant Energy Power Generation, Inc. and Reliant Energy, Inc., | |
| Defendant | _165_ JUDICIAL DISTRICT |

## CASE INFORMATION SHEET

This form must be completed and filed with every original petition , and a copy attached to every original petition served. The information should be the best available at the time of filing, understanding that such information may change before trial. This information does not constitute a discovery request, response, or supplementation, and is not admissible at trial.

Service must be obtained promptly. Notice is hereby given that, per Harris County Local Rule 3.6, any case in which no answer has been filed or default judgment signed FOUR (4) MONTHS from filing will be eligible for DISMISSAL FOR WANT OF PROSECUTION.

Type of action:  ☒ Commercial    ☐ Personal injury    ☐ Death    ☐ Other

Check all claims pled:

| | | | |
|---|---|---|---|
| ☐ Account due | ☐ Defamation | ☐ Fraud | ☐ Products liability |
| ☐ Admiralty | ☐ Disbarment | ☐ Garnishment | ☐ Post judgment |
| ☐ Assault | ☐ Discrimination | ☐ Injunction/TRO | ☐ Railroad |
| ☐ Asbestosis | ☐ Dram shop | ☐ Insurance bad faith | ☐ Real estate |
| ☐ Auto | ☐ DTPA | ☐ Malicious prosecution | ☐ Securities fraud |
| ☐ Bill of review | ☐ Employment discharge | ☐ Malpractice/Legal | ☐ Sequestration |
| ☐ Conspiracy | ☐ Expunction | ☐ Malpractice/Medical | ☐ Silicone implant |
| ☒ Contract | ☐ False imprisonment | ☐ Name change | ☐ Tortious interference |
| ☐ Deed restriction | ☐ Foreclosure | ☐ Note | ☐ Trespass |
| ☐ Declaratory judgment | ☐ Forfeiture | ☐ Premises liability | ☐ Workers compensation |
| | ☐ Other | | |

| | |
|---|---|
| Has this dispute previously been in the Harris County courts? | ☒ No    ☐ Yes, in the following court: _____ |
| Monetary damages sought | ☐ less than $50,000    ☐ $50,001 - $100,000    ☒ greater than $100,000 |

| | | | |
|---|---|---|---|
| Estimated time needed for discovery | ☒ 0-3 months | ☐ 4-6 months | ☐ 7-12 months | ☐ > 1 year |
| Estimated time needed for trial | ☐ 1-2 days | ☐ 3-5 days | ☐ 6-10 days | ☐ > 10 days |

Are you going to request Level 3 status?    ☒ Yes  _10_    ☐ No
If yes, please state your estimate for total hours of deposition per side: _____ and the number of interrogatories needed for each party to serve on any other party: _30_

Name of party filing this cover sheet: Equistar Chemicals, LP
Signature of attorney or pro se filing cover sheet:

Name printed:    Thomas M. Farrell
Phone No.: (713) 571-9191    Bar No. 06839250

**FOR COURT USE ONLY:**

Track assigned    ☐ Track 1    ☐ Track 2    ☐ Track 3

Court Coordinator    Date: _____

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Certified Document Number: 31973667 - Page 1 of 1



I, Theresa Chang, District Clerk of Harris
County, Texas, certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ October 12, 2007 _____

Certified Document Number: _____ 31973667 (Total Pages 1) _____

THERESA CHANG, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com



NO. 2007-55494

| EQUISTAR CHEMICALS, LP, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| RELIANT ENERGY POWER GENERATION, INC. AND RELIANT ENERGY, INC. | § | |
| Defendant. | § | 165 JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Equistar Chemicals, LP ("Equistar") complains of Reliant Energy Power Generation, Inc. ("Reliant Power") and Reliant Energy, Inc. ("Reliant Energy"). For causes of action, Equistar respectfully shows as follows:

### Discovery Control Plan

1.     Equistar intends that discovery be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### Parties

2.     Equistar is a limited partnership organized under the laws of Delaware. Equistar has its principal place of business in Harris County, Texas.

3.     Reliant Power is a corporation organized under the laws of Delaware. It has its principal place of business in Harris County, Texas. Under the agreement between the parties, Reliant Power may be served with process by mailing a copy of this Petition by certified mail, return receipt requested, to the attention of Carolyn W. Marsh and/or Stephanie Murdock, Reliant Energy Power Generation, Inc., P.O. Box 268, Houston, Texas 77001, with a copy to Michael L. Jines, Vice

Certified Document Number: 31973666 - Page 1 of 8

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

President and General Counsel, Wholesale Group-Reliant Energy, P.O. Box 61867, Houston, Texas 77208-1867. Alternatively, Reliant Power may be served with process by serving its registered agent, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701.

4.    Reliant Energy is a corporation organized under the laws of Delaware. It has its principal place of business in Harris County, Texas. Reliant Energy may be served with process by serving its registered agent, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

<u>**Venue**</u>

5.    Venue is proper in Harris County because the events giving rise to Equistar's claim occurred here and because Harris County is the exclusive venue chosen by the parties in the contracts at issue.

<u>**Background Facts**</u>

6.    Equistar owns and operates a petrochemical plant at 8280 Sheldon Road in Channelview, Texas (the "Channelview Plant"). The Channelview Plant produces ethylene and various co-products in the OP1 and OP2 Units. The process involves pyrolysis, or cracking, of various hydrocarbon feedstocks in multiple furnaces. Process steam is necessary to operate the Channelview Plant.

7.    Reliant Energy (through its wholly owned subsidiary, Reliant Power) is in the business of developing, constructing, financing, owning and operating cogeneration facilities. Reliant Energy and Reliant Power are sometimes referred to herein collectively as "Reliant."

8.    In 1999, Reliant Energy, acting through Reliant Power, reached an agreement with Equistar that called for Reliant to develop, construct, finance and operate a 781 MW cogeneration

Certified Document Number: 31973666 - Page 2 of 8

36134

2

facility (the "Cogen Facility") on land leased from Equistar adjacent to the Channelview Plant. The Cogen Facility, when completed, was to supply all of Equistar's requirements at Channelview for process steam. It was also to supply a stated amount of electricity to Equistar and to sell to the merchant market any electricity not taken by Equistar.

9.    To accomplish the project and govern its operation, the parties entered into a number of integrated agreements. Several of the project agreements are between Equistar and various affiliates of Reliant Power and Reliant Energy. Reliant Power, however, is directly a party with Equistar to at least three critical agreements: the Second Amended and Restated Development Agreement (the "Development Agreement"); the letter agreement dated December 15, 1999 (the "Letter Agreement"); and the Consent and Agreement (the "Consent") also dated December 15, 1999.

10.    Reliant Energy and Reliant Power created a special-purpose entity (known as Reliant Energy Channelview, LP) to actually own the Cogen Facility. That special-purpose entity (referred to herein as the "Project Partnership") is owned by a general partner (with a 1% interest) and a limited partner (with a 99% interest). Both the general partner and the limited partner are owned 100% by Reliant Power, which is in turn owned 100% by Reliant Energy. Graphically, the ownership structure looks like this:



Certified Document Number: 31973666 - Page 3 of 8

36134

3

11.    The Cogen Facility began commercial operations in 2002 and, since that time, it has (for the most part) met its obligations to supply steam and electricity to Equistar's Channelview Plant. It has also served the public interest by, in Reliant's own words, providing a "valuable new energy resource" for Texas consumers using "state-of-the-art environmental protection technology" that produces "clean, efficient" energy. The Cogen Facility has been part of the ongoing effort in Texas to "ensure reliable energy supply for customers," to "help meet summer peak demand for electricity," and to reassure consumers that "they need not be concerned about electricity shortages and blackouts."

12.    The success of the project notwithstanding, Reliant decided (apparently sometime in 2006) that the Cogen Facility was no longer one of its strategic or core assets. Accordingly, Reliant set out to divest itself of the Cogen Facility. But, rather than cause the Project Company to sell the Cogen Facility as an asset, Reliant is instead causing Reliant Power to attempt the sale of its ownership interests in the General Partner and the Limited Partner.

13.    Under the various project agreements (including the Development Agreement), any sale by Reliant Power of its ownership interests in the General Partner and the Limited Partner will require Equistar's consent, and Equistar is not obligated to even consider giving such consent unless the buyer meets certain qualifications set forth in the agreements. Reliant to date has refused to provide Equistar with much information regarding its sales process; however, based on the limited information provided so far, Equistar has reason to believe that Reliant may sell its interests in the General Partner and the Limited Partner to an entity that does not have the requisite qualifications. Any such sale will violate the applicable agreements, will constitute a breach of various duties owed

Certified Document Number: 31973666 - Page 4 of 8

by Reliant to Equistar and will threaten Equistar with irreparable harm for which it may have no adequate remedy at law.

14.    In addition, Reliant has announced its intentions to structure the divestiture of the Cogen Facility in a manner designed to destroy or impair Equistar's right to receive royalty payments to which Equistar is entitled under one of the project agreements.

15.    The Project Partnership is Equistar's counter-party under the specific agreement that gives rise to the royalty payment. However, in the Letter Agreement, Reliant Power specifically undertook to prevent the Project Partnership (an entity Reliant Power controls) from attempting to destroy or impair Equistar's rights to the royalty payment. (See ¶ 2.) Reliant Power also undertook in the Letter Agreement to cause the General Partner and the Limited Partner to act at all times in the best interests of the Project Partnership – and impairing the royalty payment is *not* in the Project Partnership's best interest. (See ¶ 7.) In addition, the Consent also precludes Reliant Power from structuring an assignment or other disposition that would adversely affect the parties' rights under the various project agreements.

16.    By trying to structure a sale in a way that impairs the royalty payment, Reliant is violating the applicable agreements (including the Letter Agreement and the Consent), is breaching various duties owed by Reliant to Equistar and is threatening Equistar with irreparable harm for which it may have no adequate remedy at law.

<u>**Request for Declaratory Relief**</u>

17.    Under Chapter 37 of the Texas Civil Practice and Remedies Code, Equistar seeks a declaratory judgment that Reliant Energy and Reliant Power cannot sell their ownership interests in

Certified Document Number: 3197366 - Page 5 of 8

36134

5

the General Partner and the Limited Partner without Equistar's consent, and then only to a buyer who meets the qualifications set forth in the applicable agreements.

18.    Equistar also seeks a declaratory judgment that Reliant Energy and Reliant Power cannot structure any sale of their ownership interests in the General Partner or the Limited Partner in a manner designed to destroy, impair or interfere with Equistar's right and ability to obtain the royalty payments to which Equistar is entitled.

<u>Request for Temporary and Permanent Injunctive Relief</u>

19.    Equistar seeks temporary and permanent injunctive relief precluding Reliant Energy and Reliant Power from selling their ownership interests in the General Partner and the Limited Partner (a) to any entity that lacks the qualifications set forth in the applicable agreements; and (b) without first obtaining Equistar's consent.

20.    Equistar also seeks temporary and permanent injunctive relief precluding Reliant Energy and Reliant Power from selling their ownership interests in the General Partner and the Limited Partner in a manner designed to destroy, impair or interfere with Equistar's ability and right to receive the royalty payments to which Equistar is entitled.

<u>No Relief Sought from Any Debtor in Bankruptcy</u>

21.    On August 20, 2007, certain companies that are not parties to this lawsuit, namely Reliant Energy Channelview LP, Reliant Energy Channelview (Texas) LLC, Reliant Energy Channelview (Delaware) LLC and Reliant Energy Services Channelview LLC (collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") before the United States Bankruptcy Court for the District of Delaware. Their jointly administered bankruptcy case is now pending as Case No.

Certified Document Number: 3197366 - Page 6 of 8

36134

6

07-11160 (MFW). Reliant Energy and Reliant Power did not file petitions for relief under the Bankruptcy Code and are not debtors in bankruptcy.

22.    By this petition, Equistar does not seek relief against any of the Debtors, nor does Equistar seek to take: (i) "any act to obtain possession of property of the estate or property from the estate"; or (ii) "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(3), (6). Similarly, Equistar does not seek to interfere with the lawful jurisdiction of the Bankruptcy Court. Rather, Equistar at this juncture seeks only to enforce the contractual obligations owed to Equistar by Reliant Energy and Reliant Power.

## Attorneys' Fees

23.    Equistar is entitled to recover from Reliant Energy and Reliant Power the reasonable and necessary attorneys' fees incurred in prosecuting this action.

## Jury Demand

24.    Equistar hereby demands a jury.

WHEREFORE, Equistar prays that Reliant Energy and Reliant Power be cited to appear and answer and that Equistar recover a declaratory judgment as outlined above, injunctive relief as outlined above, attorneys' fees and such further relief to which Equistar may be justly entitled.

Respectfully submitted,

NICKENS KEETON LAWLESS
  FARRELL & FLACK, LLP

By: _____

Thomas M. Farrell
State Bar No. 06839250
600 Travis, Ste. 7500
Houston, Texas 77002
(713) 571-9191
(713) 571-9652 (Fax)

ATTORNEYS FOR
EQUISTAR CHEMICALS, LP

36134

8



I, Theresa Chang, District Clerk of Harris
County, Texas, certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____October 12, 2007_____

Certified Document Number: _____31973666__ (Total Pages 8)

THERESA CHANG, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com



COUNTY AUDITOR'S FORM/9999A
HARRIS COUNTY, TEXAS  RV.10/99)

OFFICIAL RECEIPT    2 NO 338748



# CHARLES BACARISSE DISTRICT CLERK

ACTION: DECLARATORY JUDGMENT      CASE: C-200755494      TRANS NO: 7951787      COURT: 165

STYLE PLT: EQUISTAR CHEMICALS LP

DEF: RELIANT ENERGY POWER GENERATION INC

| FEE | DESCRIPTION | QTY | AMOUNT | | | | |
|-----|-------------|-----|--------|--|--|--|--|
| | | | | PAYMENT 1 | CHECK | 8992 | 243.00 |
| 100 | FILING NEW CASE | 1 | 50.00 | PAYMENT 2 | | | |
| 121 | CITATION WITH 1 COPY | 2 | 16.00 | | | | ----------- |
| 195 | SECURITY SERVICE FEE | 1 | 5.00 | AMOUNT TENDERED: | | | 243.00 |
| 198 | DC RECORDS PRESERVAT | 1 | 5.00 | TOTAL AMOUNT: | | | 243.00 |
| 199 | RECORD PRESERVATION | 1 | 5.00 | AMOUNT APPLIED: | | | 243.00 |
| 450 | JUDICIAL FILING FEE | 1 | 40.00 | | | | |
| 452 | LEGAL SRVC FEE-CIVIL | 1 | 10.00 | CHANGE: | | | .00 |
| 453 | SUPPORT OF JUDICIARY | 1 | 37.00 | | | | |
| 475 | LAW LIBRARY | 1 | 15.00 | RECEIVED NICKENS KEETON LANLESS FARRELL & FLACK LLP | | | (LFI80904) |
| 500 | JURY FEE (51.604 GOV | 1 | 20.00 | OF    600 TRAVIS #7500 | | | |
| 502 | JURY FEE (RULE 216 T | 1 | 10.00 | HOUSTON, TX 77002 | | | |
| 525 | STENO FEE | 1 | 15.00 | TWO HUNDRED FORTY-THREE DOLLARS AND 0/100**************************** DOLLARS | | | |
| 601 | DISPUTE RESOLUTION F | 1 | 10.00 | PAYMENT DATE: 09/12/2007    FILE DATE: 09/12/2007 | | | |
| 775 | APPELLATE JUDICIAL F | 1 | 5.00 | | | | |

ASSESSED BY: CORNETT, LAWANDA

VALIDATED 09/12/2007 BY: CARLTON, SHARON JANE

FILE COPY

Certified Document Number: 31973665 - Page 1 of 1



I, Theresa Chang, District Clerk of Harris
County, Texas, certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ October 12, 2007 _____

Certified Document Number: _____ 31973665  (Total Pages 1)

THERESA CHANG, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com



NO. 2007-55494

| | | |
|---|---|---|
| EQUISTAR CHEMICALS, LP, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| RELIANT ENERGY POWER | § | |
| GENERATION, INC. AND | § | |
| RELIANT ENERGY INC. | § | 165TH JUDICIAL DISTRICT |
| | | |
| Defendants. | | |

## DEFENDANTS RELIANT ENERGY POWER GENERATION, INC.'S AND RELIANT ENERGY, INC.'S MOTION TO ABATE

Defendants Reliant Energy Power Generation, Inc. ("REPG") and Reliant Energy, Inc. ("Reliant") file this Motion to Abate because of the absence of an indispensable party to this lawsuit.

### FACTUAL BACKGROUND

Reliant Energy Channelview LP ("Project Company") owns and operates a cogeneration facility in Channelview, Texas. Project Company is owned by Reliant Energy Channelview (Texas) LLC ("Limited Partner") and Reliant Energy Channelview (Delaware) LLC ("General Partner"), which are in turn wholly owned by REPG. Project Company sells steam and power to plaintiff Equistar Chemicals, LP ("Equistar"), which owns and operates a chemical plant adjacent to the cogeneration facility.

Project Company and Equistar are the only parties to most of the crucial agreements governing the cogeneration facility, such as the Second Amended and Restated Cash Flow Participation Agreement ("Cash Flow Agreement") and the Second Amended and Restated Steam Supply Agreement ("Steam Supply Agreement"). The Cash Flow Agreement provides for "royalty" payments to Equistar under certain circumstances, and the Steam Supply Agreement

requires Project Company to obtain Equistar's consent to certain transactions. Neither REPG nor Reliant is a party to either the Cash Flow or Steam Supply Agreements.

On August 20, 2007, Project Company, General Partner, and Limited Partner filed for bankruptcy protection in the United States Bankruptcy Court for the District of Delaware under Chapter 11 of the United States Bankruptcy Code.

## ARGUMENTS AND AUTHORITIES

The Court should abate this case because Project Company is an indispensable party. A motion to abate is proper when facts outside the plaintiff's pleadings prevent a suit from going forward in its present condition. *Martin v. Dosohs I, Ltd.*, 2 S.W.3d 350, 353 (Tex. App.—San Antonio 1999, pet. denied). The motion should "identify some impediment to the continuation of the suit, identify an effective cure, and must ask the court to abate the suit until the plaintiff corrects the defect." *Id.* The court should grant a motion to abate if, regardless of the facts alleged in the petition, the motion establishes an obstacle that would prevent the plaintiff from recovery. *Augustine by Augustine v. Nuson*, 671 S.W.2d 112, 115 (Tex. App.—Houston [14th Dist.] 1984, ref. n.r.e.).

A declaratory judgment action should not proceed if the court's interpretation of a contract would affect the rights or interests of a party that is absent from the proceedings. *Bradco Oil & Gas Co. v. Rowan*, 437 S.W.2d 58, 59-60 (Tex. Civ. App.—Houston [1st Dist.] 1968, no writ). It is error for a trial court to adjudicate the binding obligations of a party to a contract unless that party is before the court. *Oliphant v. Rigsby*, 244 S.W.2d 293, 295 (Tex. Civ. App.—Galveston 1951, no writ). The presence of a parent company in a lawsuit is not sufficient to satisfy this requirement, as a parent company is generally not liable for the obligations of its

subsidiaries. *See Drilltec Techs., Inc. v. Remp*, 64 S.W.3d 212, 217 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

Under the federal Bankruptcy Code, an action in bankruptcy operates as an automatic stay of any proceedings outside of the bankruptcy court against the debtor. 11 U.S.C. § 362. The bankruptcy filing also creates a bankruptcy estate, which is comprised of all the debtor's legal and equitable interests. 11 U.S.C. § 541. Those creditors that claim to have an interest in the debtor's estate are then required to file a proof of claim with the bankruptcy court. 11 U.S.C. § 501.

These basic principles compel the abatement of Equistar's lawsuit. Through its petition, Equistar seeks a declaration to protect "Equistar's right and ability to obtain royalty payments to which Equistar is entitled." Original Petition ¶ 18. Furthermore, Equistar asks the Court to protect its consent rights with regard to any sale of Project Company's facilities. Original Petition ¶ 17. Each of these allegations will require adjudication of contractual duties arising from agreements to which Equistar and Project Company are the sole parties: (1) Equistar's alleged right to royalties arises solely under the Cash Flow Agreement; and (2) the protection of Equistar's alleged consent rights will affect contractual rights between Equistar and Project Company under, among other agreements, the Steam Supply Agreement.

The Court should abate this action because Project Company is in bankruptcy and protected by the automatic stay from litigation outside of the Bankruptcy Court. Equistar cannot avoid the process mandated by federal law by pursuing an action against REPG and Reliant — as parent companies of a bankrupt entity — to adjudicate claims arising from and directly affecting agreements between Equistar and Project Company. Therefore, the Court should abate

Equistar's suit because the allegations in its petition require the adjudication of the obligations of Project Company, which is not presently before the Court.

## CONCLUSION

WHEREFORE, defendants Reliant Energy Power Generation, Inc. and Reliant Energy, Inc. request that the Court grant their Motion to Abate, dismiss the above-captioned case, and grant defendants any additional relief to which they may be entitled.

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____

Michael M. Wilson
State Bar No. 21704800
1111 Louisiana Street, 44th Floor
Houston, Texas 77002
Telephone: (713) 220-5800
Facsimile: (713) 236-0822

**ATTORNEYS FOR DEFENDANTS
RELIANT ENERGY POWER
GENERATION, INC. AND
RELIANT ENERGY, INC.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument has

been served upon the following party in accordance with the Texas Rules of Civil Procedure as

indicated below, this the 12th day of October, 2007.


Thomas M. Farrell    (FAX & HAND Delivery)
NICKENS KEETON LAWLESS FARRELL & FLACK, LLP
600 Travis, Suite #7500
Houston, Texas 77002


Michael M. Wilson

NO. 2007-55494

| | | |
|---|---|---|
| EQUISTAR CHEMICALS, LP, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | §<br>§<br>§ | |
| VS. | §<br>§ | HARRIS COUNTY, TEXAS |
| RELIANT ENERGY POWER<br>GENERATION, INC. AND<br>RELIANT ENERGY INC. | §<br>§<br>§<br>§ | |
| Defendants. | | 165TH JUDICIAL DISTRICT |

## VERIFICATION

STATE OF TEXAS      §
                          §

COUNTY OF HARRIS    §

       **BEFORE ME,** the undersigned authority on this day personally appeared David F.

Sladic, who having been duly sworn, deposed and stated as follows:

1.    My name is David F. Sladic. I am a Vice President of Reliant Energy Power Generation, Inc. I am over the age of 18 years and have never been convicted of a felony or a crime involving moral turpitude. I am competent to make this Verification, and I have personal knowledge of each and every statement contained herein. The statements contained herein are all true and correct.

2.    Reliant Energy Power Generation, Inc. and Reliant Energy, Inc. ("Defendants") file this Motion to Abate. I have read the Defendants' Motion to Abate, and the facts stated therein are true and correct.

SIGNED on this the 12th day of October, 2007.

_____

SWORN AND SUBSCRIBED TO BEFORE ME by the said, on the 12th day of October, 2007.

_____
NOTARY PUBLIC, STATE OF TEXAS

RUTH A. CANNON
Notary Public, State of Texas
My Commission Expires 08-14-2008

7

NO. 2007-55494

| | | |
|---|---|---|
| EQUISTAR CHEMICALS, LP, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| RELIANT ENERGY POWER | § | |
| GENERATION, INC. AND | § | |
| RELIANT ENERGY INC. | § | 165TH JUDICIAL DISTRICT |
| | § | |
| Defendants. | | |

## ORDER GRANTING DEFENDANTS' MOTION TO ABATE

On this day came on to be considered Defendants Reliant Energy Power Generation, Inc. and Reliant Energy, Inc.'s Motion to Abate. Based on the pleadings and the evidence, the Court is of the opinion that the Defendants' Motion to Abate should be GRANTED.

Therefore, it is ORDERED that the above-captioned matter is hereby stayed pending cure of the suit's defect.

SIGNED this _____ day of _____, 2007.

_____

JUDGE PRESIDING

NO. 2007-55494

| | | |
|---|---|---|
| EQUISTAR CHEMICALS, LP, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| RELIANT ENERGY POWER | § | |
| GENERATION, INC. AND | § | |
| RELIANT ENERGY INC. | § | 165TH JUDICIAL DISTRICT |
| | | |
| Defendants. | | |

## DEFENDANTS RELIANT ENERGY POWER GENERATION, INC.'S AND RELIANT ENERGY, INC.'S ORIGINAL ANSWER

Subject to and without waiving their Motion to Abate, defendants Reliant Energy Power

Generation, Inc. ("REPG") and Reliant Energy, Inc. ("Reliant") answer plaintiff Equistar

Chemicals, LP's ("Equistar") Original Petition as follows:

### I.
### VERIFIED DENIAL

Subject to and without waiving their Motion to Abate, and as set forth in that motion,

REPG and Reliant deny that all necessary parties are joined to this action because Reliant Energy

Channelview LP ("REC") is an indispensable party under Texas Rule of Civil Procedure 39(a).

The suit seeks an interpretation of contracts that would affect the rights and interests of REC

under contracts to which it is a party.

### II.
### GENERAL DENIAL

Subject to and without waiving their Motion to Abate and pursuant to Rule 92 of the

Texas Rules of Civil Procedure, REPG and Reliant generally deny the matters pled by Equistar

in its Original Petition.

### III.
### AFFIRMATIVE DEFENSE

Subject to and without waiving their Motion to Abate, REPG and Reliant assert that plaintiffs' claims are not ripe:

1.  On August 20, 2007, REC, Reliant Energy Channelview (Texas) LLC, and Reliant Energy Channelview (Delaware) LLC (collectively "Debtors") filed for bankruptcy protection in the United States Bankruptcy Court for the District of Delaware under Chapter 11 of the United States Bankruptcy Code.

2.  Equistar's requests for declaratory judgment are based on the assumption that defendants or Debtors may undertake certain actions, either inside or outside the bankruptcy proceedings, that would impair plaintiffs' alleged rights. None of those actions has taken place, and they may never do so.

3.  Accordingly, plaintiffs' requests for declaratory judgment are not ripe for adjudication.

### IV.
### PRAYER

Defendants Reliant Energy Power Generation, Inc. and Reliant Energy, Inc. request that they recover the following:

1.  Abatement of this action in accordance with defendants' Motion to Abate.

2.  Judgment that Equistar take nothing by this action; and

3.  Such other relief to which defendants may be entitled.

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____

Michael M. Wilson
State Bar No. 21704800
1111 Louisiana Street, 44th Floor
Houston, Texas 77002
Telephone: (713) 220-5800
Facsimile: (713) 236-0822

**ATTORNEYS FOR DEFENDANTS
RELIANT ENERGY POWER
GENERATION, INC. AND
RELIANT ENERGY, INC.**

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing instrument has been served upon the following party in accordance with the Texas Rules of Civil Procedure as indicated below, this the 12th day of October, 2007.

Thomas M. Farrell    ( FAX + HAND Delivery)
NICKENS KEETON LAWLESS FARRELL & FLACK, LLP
600 Travis, Suite #7500
Houston, Texas 77002

Michael M. Wilson

NO. 2007-55494

| | | |
|---|---|---|
| EQUISTAR CHEMICALS, LP, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| RELIANT ENERGY POWER | § | |
| GENERATION, INC. AND | § | |
| RELIANT ENERGY INC. | § | |
| | § | 165TH JUDICIAL DISTRICT |
| Defendants. | | |

## VERIFICATION

STATE OF TEXAS          §
                                  §
COUNTY OF HARRIS   §

**BEFORE ME,** the undersigned authority on this day personally appeared David F.

Sladic, who having been duly sworn, deposed and stated as follows:

1.  My name is David F. Sladic. I am a Vice President of Reliant Energy Power
    Generation, Inc. I am over the age of 18 years and have never been convicted of a
    felony or a crime involving moral turpitude. I am competent to make this
    Verification, and I have personal knowledge of each and every statement
    contained herein. The statements contained herein are all true and correct.

2.  I have read the facts stated in paragraph I of Defendants' Original Answer, and the
    facts stated therein are true and correct.

SIGNED on this the 12th day of October, 2007.

SWORN AND SUBSCRIBED TO BEFORE ME by the said, on the 12th day of
October, 2007.

NOTARY PUBLIC, STATE OF TEXAS

RUTH A. CANNON
Notary Public, State of Texas
My Commission Expires 06-14-2008

5

NO. 2007-55494

| | | |
|---|---|---|
| EQUISTAR CHEMICALS, LP, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| RELIANT ENERGY POWER | § | |
| GENERATION, INC. AND | § | |
| RELIANT ENERGY INC. | § | |
| | § | 165TH JUDICIAL DISTRICT |
| Defendants. | | |

## NOTICE OF REMOVAL TO FEDERAL COURT

PLEASE TAKE NOTICE THAT defendants Reliant Energy Power Generation, Inc. and

Reliant Energy, Inc. have this date filed a Notice of Removal, a copy of which is attached to this

Notice, in the office of the Clerk of the United States District Court for the Southern District of

Texas, Houston Division, at Houston, Texas.

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____

Michael M. Wilson
State Bar No. 21704800
1111 Louisiana Street, 44th Floor
Houston, Texas 77002
Telephone: (713) 220-5800
Facsimile: (713) 236-0822

**ATTORNEYS FOR DEFENDANTS
RELIANT ENERGY POWER
GENERATION, INC. AND
RELIANT ENERGY, INC.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument has

been served upon the following party in accordance with the Texas Rules of Civil Procedure as

indicated below, this the 12th day of October, 2007.

Thomas M. Farrell      ( FAX + HAND Delivery )
NICKENS KEETON LAWLESS FARRELL & FLACK, LLP
600 Travis, Suite #7500
Houston, Texas 77002

Michael M. Wilson

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUISTAR CHEMICALS, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CAUSE NO. |
| | § | |
| RELIANT ENERGY POWER | § | |
| GENERATION, INC. AND | § | |
| RELIANT ENERGY, INC. | § | |
| | § | |
| Defendant | § | |

# **Counsel of Record**

Equistar Chemicals, LP

Thomas M. Farrell
State Bar No. 06839250
Nickens Keeton Lawless Farrell & Flack, LLP
600 Travis, Ste 7500
Houston, Texas  77002
713.571.9191

Reliant Energy Power Generation,
Inc. and Reliant Energy, Inc.

Michael M. Wilson
State Bar No. 21704800
Akin Gump Strauss Hauer & Feld, LLP
1111 Louisiana Street, 44th Floor
Houston, Texas  77002
713.220.2875