UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUISTAR CHEMICALS, L.P., § § Plaintiff § § V. § § RELIANT ENERGY POWER § GENERATION, INC. AND § RELIANT ENERGY INC., § § Defendants | Civil Action No. 4:07-cv-03378 |

## MOTION FOR REMAND OR MANDATORY ABSTENTION

Plaintiff, Equistar Chemicals, L.P. ("Equistar"), moves for remand for lack of federal subject matter jurisdiction or for mandatory abstention and remand pursuant to 28 U.S.C. § 1334(c)(2) and 28 U.S.C. § 1452.

### Introduction and Factual Background

Defendants Reliant Energy Power Generation, Inc. ("Reliant Power") and Reliant Energy, Inc. ("Reliant Energy") removed this case, asserting federal subject matter jurisdiction under 28 U.S.C. § 1452(a). Defendants asserted in their Notice of Removal that the claims brought in this case "arise under, or arise in, or are related to, Chapter 11 of the United States Code." Equistar's state-law contract claims do not arise under, arise in or relate to Chapter 11 of the United States Code, and this Court lacks federal subject matter jurisdiction. Furthermore, even if Equistar's claims do "relate to" a bankruptcy, mandatory abstention applies and requires that the Court abstain from hearing the claims and that it remand the case to state court.

A special purpose entity known as Reliant Energy Channelview L.P. (the "Project Partnership") was created to own and operate a cogeneration facility in Channelview, Texas. The Project Partnership is owned by a general partner (with a 1% interest) and a limited partner (with a 99% interest); both the general and the limited partner are owned 100% by Reliant Power, which is in turn owned by Reliant Energy. (Reliant Power and Reliant Energy are sometimes referred to collectively as "Reliant.")

Plaintiff Equistar owns a chemical plant adjacent to the Project Partnership's facility. Equistar is a party to a series of fully integrated agreements pursuant to which Equistar purchases steam and power for its plant from the cogeneration facility. Reliant Power is also a party to certain of those agreements. Reliant decided (apparently sometime in 2006) that the cogeneration facility was no longer one of its strategic assets. Reliant accordingly set out to divest itself of the facility by causing Reliant Power to attempt to sell its ownership interests in the general and limited partner entities that in turn own the Project Partnership.

As this process was underway, the Project Partnership, together with its general and limited partners, filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). Those bankruptcies are pending before the United States Bankruptcy Court for the District of Delaware and are being jointly administered under case number 07-11160 (MFW) (the "Bankruptcy").

Equistar became aware that Reliant planned to sell its interest in the entities that own the Project Partnership in a way that violates contractual duties owed to Equistar by Reliant Power and Reliant Energy. Equistar filed this lawsuit in Texas state court, asserting causes of action for declaratory judgment and temporary and permanent injunction. In its petition, Equistar made clear

37241                                    2

that its only claims were against Reliant Power and Reliant Energy and not the bankrupt entities. In spite of the specificity and clarity of Equistar's claims, Reliant now seeks to use the Bankruptcy to avoid its own obligations to Equistar.

## ARGUMENT

Chapter 28, section 1334 of the United States Code delineates the scope of federal subject matter jurisdiction for "bankruptcy cases and proceedings." That section enumerates four types of matters over which a district court may exercise jurisdiction: (1) "cases under title 11"; (2) "proceedings arising under title 11"; (3) proceedings "arising in" "a case under title 11"; or (4) proceedings "related to" a case under title 11. 28 U.S.C. § 1334 (a), (b); *see also In re U.S. Brass Corp.*, 301 F.3d 296, 303 (5th Cir. 2002).

The first category, cases "under" title 11, refers "merely to the bankruptcy petition itself." *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 225 (3d Cir. 2005). As to the second category, a case "arises under" title 11 "if it invokes a substantive right provided by title 11." *Stoe v. Flaherty*, 436 F.3d 209, 216 (3d Cir. 2006); *see also In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999). Proceedings "arising in" bankruptcy include "administrative matters, orders to turn over property of the estate, and determinations of the validity, extent or priority of liens." 1 *Collier on Bankruptcy* § 3.01[4][c][iv] at 3-31. A proceeding can be described as "arising in" bankruptcy if it would have no existence outside of the bankruptcy. *See Stoe*, 436 F.3d at 216; *Southmark*, 163 F.3d at 930. Finally, a matter is "related to" a bankruptcy if the "outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987).

By way of district-court referral, a bankruptcy court may "hear and determine" certain matters that fall within the jurisdictional grant of section 1334. Bankruptcy courts have full judicial power over "all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1). The Fifth Circuit has determined that section 157 "equates core proceedings with the categories of 'arising under' and 'arising in' proceedings" set forth in section 1334. *U.S. Brass*, 301 F.3d at 304. Thus, a bankruptcy court has full judicial power to hear those matters that arise under or arise in proceedings under title 11. Section 157 also allows bankruptcy courts to hear and determine other matters that are "related to" bankruptcy, but are not core matters, but they may not enter judgment concerning them unless the parties expressly so consent. 28 U.S.C. § 157(c).

In addition to granting jurisdiction to district courts in bankruptcy cases, section 1334 imposes restrictions on the exercise of that jurisdiction. In subsection c, the statute provides that a district court must abstain from hearing certain proceedings (so-called "mandatory abstention") and may abstain from certain other proceedings (a "discretionary abstention"). 28 U.S.C. § 1334(c)(1), (2). Mandatory abstention arises "in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section." 28 U.S.C. § 1334(c)(2). Matters that require mandatory abstention are "related to" matters, which by definition are "peripheral to the concerns of the bankruptcy case and based on extrinsic source of law." *Southmark*, 163 F.3d at 930 n. 8. When a "related to" matter satisfies the other "statutory criteria" for mandatory abstention – "a state-law cause of action, no other basis for federal court jurisdiction, and the pendency of state court litigation

that can timely adjudicate the claim" – the district court is required to abstain from exercising jurisdiction. *Id.* at 929 n. 2.[1]

To determine whether Equistar's claims are sufficiently tied to the Bankruptcy to invoke federal subject matter jurisdiction, and if so, whether they are nevertheless subject to mandatory abstention, the character of those claims must be examined. As set forth below, the claims meet neither test.

A.   **Equistar's Claims Do not Arise Under or Arise In the Bankruptcy.**

Equistar seeks a judgment that Reliant Energy and Reliant Power are precluded from structuring the sale of their ownership interests in the general partner and the limited partner that own the Project Partnership in such a way as to interfere with Reliant's contractual duties to Equistar and Equistar's contractual rights. Those rights include Equistar's right to consent to the sale and its right to ensure that any buyer of the ownership interests is qualified. Equistar also seeks temporary and permanent injunctive relief precluding Reliant from breaching its agreements.

Reliant's argument that these claims either "arise under" or "arise in" the Bankruptcy can be readily dispensed with. Neither Reliant Power nor Reliant Energy is a debtor in the Bankruptcy. When a court examines the bankruptcy court's jurisdiction over a case between two non-debtors, it looks to the "related to" language of section 1334. *See In re Zale Corp.*, 62 F.3d 746, 751 (quoting from *Quattrone Accountants, Inc. v. I.R.S.*, 895 F.2d 921, 926 (3d Cir. 1990)).

---

[1] The Fifth Circuit has rejected the argument, adopted in a small minority of cases, that mandatory abstention does not apply in removed cases because there is no pending state court litigation after removal. *Southmark*, 163 F.3d at 929 (rejecting "out of hand" the argument that statutory abstention does not apply to cases removed to federal court on the basis of bankruptcy jurisdiction.).

37241                                                5

This result is confirmed by examining the causes of action here in light of the definitions of "arise under" and "arise in." As noted above, a case that "invokes a substantive right provided by title 11" is said to "arise under" that title. *Stoe* 436 F.3d at 216.; *In re Southmark Corp.*, 163 F.3d at 930. None of the rights Equistar seeks to uphold in its suit is provided by title 11; instead they are all provided by contract. Similarly, the suit cannot be described as "arising in" bankruptcy because it quite plainly would have an existence outside of the Bankruptcy. *See Stoe*, 436 F.3d at 216; *Southmark*, 163 F.3d at 930.

**B.   Equistar's Claims Do not "Relate to" the Bankruptcy.**

As noted above, a proceeding is "related to a bankruptcy" if the outcome "could conceivably have an effect on the estate being administered." *In re Wood*, 825 F.2d at 93. But, more specifically, "an action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities or freedom of action . . . and . . . in any way impacts upon the handling and administration of the bankruptcy estate." *In re Walker*, 51 F.3d 562, 569 (5th Cir. 1995). The test is "obviously conjunctive: For jurisdiction to attach, the anticipated outcome of the action must both (1) alter the rights, obligations, and choices of action of the debtor, and (2) have an effect on the administration of the estate." *In re Bass*, 171 F.3d 1016, 1022 (5th Cir. 1999).

In this case, Equistar seeks relief against the parent entity of bankrupt subsidiaries. Equistar asks the Court to require the non-bankrupt parent to refrain from selling its subsidiaries in such a way as to violate contractual duties owed by the non-bankrupt parent to Equistar. The mere fact that those subsidiaries are in bankruptcy does not mean that the enforcement of restrictions on the terms of their sale by their current parent to a third party could conceivably "alter the rights, obligations, and choices of action of the debtor." The rights and obligations of the debtors will remain the same,

no matter who owns those entities.

The second prong of the conjunctive test is even more difficult to satisfy on these facts. If the Court grants the declaratory and injunctive relief requested against Reliant, such relief will not "have an effect on the administration of the estate." The only effect of a judgment would be against Reliant, not its subsidiaries in bankruptcy. The bankruptcy estate would be administered in the same way, irrespective of a declaration of Equistar's rights against Reliant. That is, the bankruptcy estate would retain whatever powers it may have with regard to the debtors and the agreements to which the debtors are party.

The Court should decline to extend "related to" jurisdiction to proceedings that will not affect the bankruptcy estate. *See In re Bass*, 171 F.3d at 1023; *In re Zale*, 62 F.3d at 735. This case should be remanded to state court for lack of federal subject matter jurisdiction.

C. **Even if Equistar's Claims "Relate to" the Bankruptcy, Mandatory Abstention is Required.**

Even if the Court concludes that resolution of Equistar's claims will affect the bankruptcy estate, it must abstain from hearing those claims under section 1334(c)(2). Each of the statutory requirements of that provision are met on these facts, and abstention is mandatory.

First, this motion for mandatory abstention is timely made, as Equistar filed it within thirty days of removal. *See, e.g., Allen v. J.K. Harris & Co., L.L.C.*, 331 B.R. 634, 642 (E.D.Pa. 2005) (citing cases). Second, the action is "based upon a State law claim or State law cause of action," given that the rights Equistar seeks to uphold arise solely under state contract law. Third, the case has no other possible source of federal subject matter jurisdiction beyond its relationship to a proceeding in bankruptcy. Reliant has not asserted in its removal papers any other source of federal

subject matter jurisdiction, and as the parties are not diverse and there is no federal question asserted in Equistar's pleadings, this action could "not have been commenced in a court of the United States absent jurisdiction under" section 1334. *See* 28 U.S.C. § 1334(c)(2).

Finally, the case neither arises under title 11 or arises in a case under title 11, as fully set forth above. Instead, it is at most "related to" a bankruptcy – a matter which by definition is "peripheral to the concerns of the bankruptcy case and based on extrinsic sources of law, [and that] require[s] mandatory abstention." *In re Southmark Corp.*, 163 F.3d at 930 n. 8.

Section 1452 governs removal of bankruptcy-related cases, and it supplies the district court with the power to remand the claim or cause of action "on any equitable ground." 28 U.S.C. § 1452(b). Mandatory abstention under section 1334(c)(2) provides an equitable ground to justify remand under section 1452(b). *See Stoe*, 436 F.3d at 214 (citing cases providing that mandatory abstention provides an equitable ground supporting remand under § 1452(b)). Accordingly, once this Court has determined that mandatory abstention applies to this case, Equistar respectfully requests that the Court exercise its authority under section 1452 and remand the case to state court.

## CONCLUSION

Because this removed case does not "arise in," "arise under" or "relate to" a bankruptcy, this Court lacks federal subject matter jurisdiction and should remand the case to state court. Even if the Court determines that this case "relates to" the Bankruptcy, it should abstain from hearing the case under 28 U.S.C. § 1334(c)(2) and remand the case pursuant to 28 U.S.C. § 1452(b).

Respectfully submitted,

_____
Thomas M. Farrell
State Bar No. 06839250

ATTORNEY-IN-CHARGE FOR
EQUISTAR CHEMICALS, LP

OF COUNSEL:

NICKENS KEETON LAWLESS
  FARRELL & FLACK LLP
600 Travis Street, Suite 7500
Houston, TX 77002
(713) 571-9191
(713) 571-9652 (Fax)

## CERTIFICATE OF SERVICE

    I hereby certify that on November 13, 2007, a true and correct copy of the foregoing instrument was served via electronic filing on the following counsel of record:

Mr. Mike M. Wilson
Akin Gump Strauss Hauer & Feld LLP
1111 Louisiana Street, 44th Floor
Houston, Texas 77002

_____
Thomas M. Farrell

37241                9