IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUISTAR CHEMICALS, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CAUSE NO. 4:07-cv-03378 |
| | § | |
| RELIANT ENERGY POWER | § | |
| GENERATION, INC. AND | § | |
| RELIANT ENERGY INC. | § | |
| | § | |
| Defendants. | | |

### DEFENDANTS' MOTION TO TRANSFER

Defendants Reliant Energy Power Generation, Inc. ("Reliant Power") and Reliant Energy, Inc. ("Reliant Energy") move to transfer this case to the United States District Court for the District of Delaware so that it may be referred to the Bankruptcy Court there.

### INTRODUCTION

Plaintiff Equistar Chemicals, L.P. ("Equistar") has sued two defendants: Reliant Power and its parent, Reliant Energy. Reliant Power owns the limited and general partners of Reliant Energy Channelview, LP ("Reliant Channelview"), which in turn owns a cogeneration facility in Channelview, Texas. Reliant Channelview sells steam from that facility to Equistar. Reliant Channelview and its general and limited partners are in bankruptcy in the District of Delaware ("the Reliant Channelview bankruptcy"). A more detailed description of the relationship between Equistar and the various Reliant entities involved in this controversy is contained in the Affidavit of David F. Sladic submitted in support of this Motion and defendants' response to Equistar's motion to remand.

Equistar filed this suit in Harris County state court, and defendants removed it to this Court under section 1452(a) of the U. S. Code. On November 13, Equistar moved to remand or for mandatory abstention ("Equistar's motion to remand"). By this motion, defendants Reliant Power and Reliant Energy now seek to transfer the case to the district in which the Reliant Channelview bankruptcy is pending.

As shown by the petition for removal and will be further demonstrated in defendants' response to Equistar's motion to remand, this case arises under the bankruptcy laws or arises in or relates to the Reliant Channelview bankruptcy. It involves agreements to which Equistar and Reliant Channelview are the sole parties; resolution of the case will directly affect Reliant Channelview's obligations to Equistar; one of Equistar's claims depends on an alleged obligation of defendants to instruct their bankrupt subsidiaries about what positions to take in the Reliant Channelview bankruptcy; and Equistar seeks a determination about what is in the best interest of Reliant Channelview, a Chapter 11 debtor. This motion, however, will not discuss in detail why defendants' removal of the case was proper; that question is more appropriately addressed in defendants' response to Equistar's motion to remand. Instead, it will focus on the more immediate question of whether transfer is appropriate *before* this Court addresses Equistar's motion to remand. As shown below, the District of Delaware, not this court, should decide Equistar's motion to remand because, given the relatedness of the venue and jurisdictional issues, the bankruptcy court is in best position to determine the motion to remand.

### STANDARD OF REVIEW

Federal jurisdiction exists over civil proceedings "arising under" the bankruptcy laws or "arising in" or "related to" a bankruptcy case. 28 U.S.C. § 1334(b). Under section 1412 of the U.S. Code, a district court may transfer such proceedings to another district "in the interest of

justice or for the convenience of the parties." 28 U.S.C. § 1412.[1] In this analysis, "the most important consideration is whether the requested transfer would promote the economic and efficient administration of the estate." *In re Commonwealth Oil Ref. Co.*, 596 F.2d 1239, 1247 (5th Cir. 1979). The proponent of transfer must establish that transfer is appropriate by a preponderance of the evidence. *Id.*, at 1241.

## ARGUMENT

A transfer under section 1412 is appropriate when it would "promote the economic and efficient administration of the estate." *Commonwealth*, 596 F.2d at 1247. There is a "strong presumption that proceedings related to a bankruptcy case should be transferred to the district where the bankruptcy proceedings are pending." *Marquette Transp. Co. v. Trinity Marine Prods., Inc.*, 2006 U.S. Dist. LEXIS 60402 at *25 (E.D. La. 2006). "The home court presumption provides that a court in which the bankruptcy proceeding itself is pending is the proper venue for adjudicating all related litigation, including those suits which have been filed in other state or federal courts." *Hohl v. Bastian*, 279 B.R. 165, 177-78 (W.D. Pa. 2002); *see also AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 2004 U.S. Dist. LEXIS 29280 (S.D. Tex. 2004) (same). Courts generally resolve the transfer analysis under § 1412 using the "home court presumption" without examining convenience factors. *See Marquette Transp.*, 2006 U.S. Dist. LEXIS 60402 at *25; *Menggui Zhang v. Rothrock*, 2006 U.S. Dist. LEXIS 5272 at *2-3 (S.D. Tex. 2006).

District courts in the Fifth Circuit have consistently consolidated actions that arise under or relate to pending bankruptcy proceedings by transferring them to the district in which the

---

[1] In the alternative, defendants seek transfer under the general transfer statute, 28 U.S.C. § 1404. The analysis is "essentially the same." *See Marquette Transp. Co. v. Trinity Marine Prods., Inc.*, 2006 U.S. Dist. LEXIS 60402 at *25 (E.D. La. 2006).

underlying bankruptcy action is pending. *See Orthodontic Ctrs. of Tex., Inc. v. Corwin*, 2007 U.S. Dist. LEXIS 36702 at *5-7 (S.D. Tex. 2007); *Marquette Transp.*, 2006 U.S. Dist. LEXIS 60402 at *25; *Menggui Zhang*, 2006 U.S. Dist. LEXIS 5272 at *2-3. In *Marquette*, for example, plaintiffs brought suit in Louisiana state court against several defendants claiming damages arising from an allegedly defective product. 2006 U.S. Dist. LEXIS 60402 at *12-14. After the action had been pending for three years, one of the defendants filed for bankruptcy protection in Illinois. Another defendant then removed the state court action. *Id.* Plaintiffs moved to remand or, alternatively, for abstention, and defendants sought to transfer the case to Illinois. *Id.*, at *14. Without resolving the jurisdictional question, the court found that transfer to Illinois was appropriate based on judicial economy and efficiency considerations. *Id.*, at *16. The court stated that a strong presumption exists in favor of consolidation; through section 1412, the court said, "Congress did not intend to . . . hamper the well settled principle that the court in which the bankruptcy case itself is pending is the proper venue for adjudicating all related litigation." *Id.*, at *23-24 (quotation marks omitted).

Likewise, in *Menggui Zhang*, the district court relied on the same principles to transfer litigation that was related to a bankruptcy estate to the home district of the bankruptcy. 2006 U.S. Dist. LEXIS 5272 at *2-4 ("'related to' civil cases should be litigated in the district in which the bankruptcy is pending"). Many other courts in various jurisdictions have reached similar conclusions. *See, e.g., Hohl*, 279 B.R. at 177-78; *Blanton v. IMN Fin. Corp.*, 260 B.R. 257, 266-67 (M.D.N.C. 2001).

The Court should follow this approach and apply the home court presumption to transfer this action to the District of Delaware. Federal jurisdiction over this case exists because Equistar seeks a declaration to protect "Equistar's right and ability to obtain royalty payments to which

4

Equistar is entitled"[2] – royalty payments allegedly owed by Reliant Channelview, a bankruptcy debtor, under a contract to which only Reliant Channelview and Equistar are parties. Furthermore, Equistar asks this Court to decide that Reliant Channelview's assumption in bankruptcy of that contract is in the best interest of the Chapter 11 debtor, and its claims ask the Court in effect to instruct defendants about what positions they should cause their bankrupt subsidiaries to take in the bankruptcy.[3]

Moreover, this Court should transfer the case before taking up or deciding Equistar's motion to remand. Numerous courts have granted venue transfer motions without first addressing subject matter jurisdiction. *See, e.g., Marquette Transp.*, 2006 U.S. Dist. LEXIS 60402 at *16-17; *In re Wedlo, Inc.*, 212 B.R. 678, 679 (Bankr. M.D. Ala. 1996); *Consolidated Lewis Inv. Corp. v. First Nat'l Bank of Jefferson Parish*, 74 B.R. 648, 651 (E.D. La. 1987). Transfer prior to a determination of subject matter jurisdiction is proper "because the jurisdictional question . . . is necessarily intertwined with the pending bankruptcy proceedings." *Marquette Transp.*, 2006 U.S. Dist. LEXIS 60402 at *16. The related nature of the jurisdictional and substantive issues involved in examining subject matter jurisdiction under section 1334 means that "the bankruptcy court in which the chapter 11 case is pending is in the best position to determine the motion to remand, abstain, or dismiss." *In re Wedlo*, 212 B.R. at 679.

The Court should therefore transfer this case to Delaware so that the court most familiar with the underlying facts can determine subject matter jurisdiction. An examination of whether this action arises under or relates to the bankruptcy will require a detailed analysis of the facts underlying the parties' relationship. Due to the complex nature of the facts, the bankruptcy court

---

[2] Original Petition ¶ 18.
[3] Original Petition ¶ 15.

"is in the best position" to determine the extent to which Equistar's claims may affect the bankruptcy estate and to analyze the effect of that potential impact on the jurisdictional issues raised by Equistar's motion to remand.

For these reasons, Reliant Power and Reliant Energy request that the Court grant their Motion to Transfer Venue and instruct the Clerk to carry out all necessary measures to effect the transfer of this action to the United States District Court for the District of Delaware.

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____
Michael M. Wilson
State Bar No. 21704800
Attorney-in-Charge
J. Josh Clayton
State Bar No. 24050426
1111 Louisiana Street, 44th Floor
Houston, Texas 77002
Telephone: (713) 220-5800
Facsimile: (713) 236-0822

**ATTORNEYS FOR DEFENDANTS RELIANT ENERGY POWER GENERATION, INC. AND RELIANT ENERGY, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure on the following counsel of record on the 3rd day of December 2007.

Thomas M. Farrell
NICKENS KEETON LAWLESS FARRELL & FLACK, LLP
600 Travis, Suite #7500
Houston, Texas 77002

_____
Michael M. Wilson

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUISTAR CHEMICALS, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CAUSE NO. 4:07-cv-03378 |
| | § | |
| RELIANT ENERGY POWER | § | |
| GENERATION, INC. AND | § | |
| RELIANT ENERGY INC. | § | |
| | § | |
| Defendants. | | |

**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE**

On this day the Court heard Defendants Reliant Energy Power Generation, Inc.'s and Reliant Energy, Inc.'s Motion to Transfer Venue. Based on the pleadings and the evidence, the Court is of the opinion that the Defendants' Motion to Transfer Venue should be GRANTED.

Therefore, it is ORDERED that the above-captioned matter is hereby transferred to the United States District Court for the District of Delaware. The Clerk shall carry out all necessary measures to effect the transfer of this action.

SIGNED this _____ day of _____, 2007.

_____
JUDGE PRESIDING