UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUISTAR CHEMICALS, LP, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-07-3378 |
| | § | |
| RELIANT ENERGY POWER | § | |
| GENERATION, INC., et al, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM A ND ORDER**

**I.**

Before the Court are the plaintiff, Equistar Chemicals, L.P.'s, motion for remand for lack of subject matter jurisdiction, or for mandatory abstention and remand, pursuant to 28 U.S.C. § 1334(c)(2) and 28 U.S.C. §1452 (#3) and the defendants, Reliant Energy Power Generation, Inc., and Reliant Energy, Inc.'s response.  As well, the defendants have filed under a separate document, their motion to transfer this case to the United States District Court for the Southern District of Delaware to be referred to the Bankruptcy Court (#4).  The Court has reviewed the motions and attachments and determines that the defendants' motion to transfer should be granted, and that the plaintiff's motion for remand, for lack of subject matter jurisdiction, should be deferred to the Bankruptcy Court of Delaware.

**II.**

The Court is informed, by way of background, that the plaintiff and a non-party to this suit, Reliant Energy Channelview, L.P., ("REC, L.P."), are parties to a series of contractual agreements whereby REC, LP is obligated to sell to the plaintiff, among other things, steam for use in its chemical plant.  In turn, REC, LP was to purchase water from the plaintiff for use in its

cogeneration facility.  Several of these agreements are still in effect.  However, the plaintiff is concerned that REC, LP will not be able to fulfill its obligations under the contracts because it recently filed for bankruptcy in the Bankruptcy Court in Delaware.  The plaintiff's anxiety precipitated this suit against Reliant Power and Reliant Energy, non-parties in the REC, LP's bankruptcy.

The undisputed facts reveal that Reliant Energy is owner of Reliant Power.  Reliant Power, in turn, owns the general and limited partner that own REC, LP.  It is the plaintiff's contention that Reliant Energy and Reliant Power are interested in selling their ownership interests in the general and limited partners.  The record shows that the general and limited partners followed REC, LP into bankruptcy.  The plaintiff's fear is that the defendants will structure the sale of their interest in the partners in such a manner as to interfere with Reliant Power's contractual duties to the plaintiff and the plaintiff's contractual rights with REC, LP.  Hence, the plaintiff seeks injunctive relief and such other relief as would permit the plaintiff to exercise its right of consent to any sale in order to insure that the buyer is a "qualified" buyer.

The defendants contend that Reliant Energy has no contractual relationship with the plaintiff.  In addition, the defendants point out that Reliant Power's contractual relationship with the plaintiff ended in June of 2002, when the cogeneration facility began commercial operation. Instead of granting the relief sought by the plaintiff, the defendants enjoins the Court to retain the case under either its "relate to" or "arising under" jurisdiction pursuant to 28 U.S.C. § 1334, or transfer the case to the Bankruptcy Court in Delaware because it is, at heart, a "core proceeding." *See* 28 U.S.C. §157(b)(1).

## III.

The Court is of the opinion that the relationship between the defendants and the debtors in bankruptcy is such that a decision by this Court, particularly the request for injunctive relief, will ultimately impact bankruptcy proceeding. *See In re Stonebridge, Techs, Inc.,* 430 F.3d 260 (5th Cir. 2005). In the case at bar, it cannot be said that the outcome of this case will not impact the nature and type of resolution that the debtors, the trustee in bankruptcy and the creditors might reach in the handling and administration of the bankrupt estate(s). *Id.* at 260. In order to avoid a result that might adversely impact the estate(s), the Court need not determine the issue of jurisdiction, or the merits of the plaintiff's claims. The Bankruptcy Court is fully prepared to determine its own jurisdiction and, should it determine that the matter is not a "core proceeding," is free to remand the case to state court.

Therefore, to promote judicial economy and the efficient administration of the debtor's estate(s), the Court TRANSFERS this case, pursuant to 28 U.S.C. §1412, to the District of Delaware to be referred to the appropriate Bankruptcy Court, under Cause No. 07-11160 (MFW), without prejudice to the plaintiff's motion for remand.

It is so Ordered.

SIGNED this 4th day of January, 2008.

Kenneth M. Hoyt
United States District Judge